# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAIL M. JORDAN,

    Plaintiff(s),

v.

C.C.A.N. FINANCIAL, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-01450-NJK

**Order**

The Court hereby **SETS** a status conference in this case for 1:00 p.m. on February 11, 2020. To be clear, the Court will <u>not</u> entertain argument at that status conference regarding the merits of the motion to enforce settlement or the motion for leave to file an untimely response thereto. Docket Nos. 44, 49. Instead, the Court sets the hearing to discuss the following procedural and jurisdictional issues:

- First, whether judgment should be entered at this stage on Plaintiff's causes of action in light of the parties' settlement thereof, *see, e.g.*, Docket No. 35; Docket No. 44-4;

- Second, whether further proceedings unrelated to Plaintiff's underlying claims are improper given that the Court has not agreed to retain jurisdiction over disputes regarding the performance of the terms of the settlement agreement;[1] and

---

[1] The undersigned has never agreed to retain jurisdiction and is not inclined to do so with respect to enforcement of a settlement agreement that she was not involved in brokering. The Court notes that the parties' settlement agreement indicates that they agree to the Court's retention of jurisdiction, Docket No. 44-4 at 9, but such stipulation is irrelevant as the decision whether to retain jurisdiction is entrusted to the Court's discretion, *see HM Elecs., Inc. v. R.F. Techs., Inc.*,

1

- Third, and relatedly, whether as a practical matter the parties' breach-of-contract dispute regarding the condition of the subject property and any resulting damages is more suitably resolved through the initiation of a new lawsuit, which would provide the parties an opportunity to engage in discovery, typical motion practice, and a trial as necessary.

To the extent the parties agree that this case should be dismissed and that their dispute regarding performance of the terms of the settlement agreement is better resolved through initiation of a new lawsuit, the above status conference will be automatically vacated if the parties file a stipulation for dismissal of this case and for denial without prejudice of the motion to enforce.

IT IS SO ORDERED.

Dated: January 24, 2020

Nancy J. Koppe
United States Magistrate Judge

---

2016 WL 4063806, *1 (S.D. Cal. Feb. 17, 2016) ("A private agreement between the parties generally does not, by its own force, change a matter subject to the Court's discretion into one of obligation"); *see also Camacho v. City of San Luis*, 359 Fed. Appx. 794, 798 (9th Cir. 2009) (recognizing the district court's "prerogative" to decline to retain jurisdiction); *Massi v. 198 Chelsea Corp.*, 217 F. Supp. 3d 731, 733 (S.D.N.Y. 2016) (collecting cases). The Court also notes Defendant's position that Judge Leen "implicitly" retained jurisdiction, Docket No. 44 at 9 n.6, but that contention is contrary to Ninth Circuit law, *see, e.g.*, *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (regardless of whether a court expresses an intention to retain jurisdiction during settlement conference proceedings, there is no retention of jurisdiction absent explicit indication through an order that jurisdiction is being retained).