# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAIL M. JORDAN,

    Plaintiff(s),

v.

C.C.A.N. FINANCIAL, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-01450-NJK

**Order**

[Docket Nos. 44, 49]

Pending before the Court is Defendant's motion to enforce settlement. Docket No. 44.[1] Plaintiff filed an untimely response, as well as a motion for leave to file that untimely response. Docket Nos. 49, 52. Defendant filed a response to the motion for leave, Docket No. 50, and a reply to the motion to enforce, Docket No. 54. The Court held a hearing limited to procedural and jurisdictional concerns. *See* Docket No. 56. For the reasons explained herein, the Court will retain jurisdiction over the dispute concerning the parties' settlement, but will **DENY** without prejudice the motion to enforce settlement.[2]

---

[1] The parties consented to resolution of this case by the undersigned magistrate judge. Docket No. 27.

[2] The explanations proffered for Plaintiff's failure to timely respond to the motion to enforce are not compelling ones. *See* Docket No. 50. Nonetheless, the Court finds it in the interest of justice in the circumstances of this case to consider the untimely response and will **GRANT** the motion for leave. Still, the Court wants to make crystal clear that it expects strict compliance with all deadlines, all orders, and all governing rules moving forward. **FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING SANCTIONS DISPOSITIVE OF THE REMAINING BREACH OF CONTRACT DISPUTE.**

1

## I. RETENTION OF JURISDICTION

The parties agreed to the Court's retention of jurisdiction over enforcement of the settlement agreement. *See* Docket No. 44-4 at 9. As the Court has noted previously, it never agreed previously to retain jurisdiction of this case. *See* Docket No. 55 at 1-2 n.1. The case remains pending before the Court at this time as an order of dismissal and judgment have not been entered. Courts possess the authority to enforce settlement agreements in cases that are pending before them. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). This authority includes the ability to oversee proceedings that may result in an award of damages for breach of a settlement agreement. *See, e.g.*, *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).[3] The Court would be well within its discretion not to retain jurisdiction over the parties' dispute concerning breach of the settlement agreement, especially given that the undersigned had no part in the settlement discussions at issue. As a courtesy to the parties and in an effort to provide efficient resolution of their controversy, *see* Fed. R. Civ. P. 1, the Court will instead retain jurisdiction.

## II. MOTION TO ENFORCE SETTLEMENT

Turning to the motion to enforce settlement, summary enforcement proceedings are "ill-suited to situations presenting complex factual issues" that require testimonial exploration or other factual development. *City Equities Anaheim*, 22 F.3d at 957-58. It is also abundantly clear that resolution of a motion to enforce on its papers is improper when there are material issues of fact. *See, e.g.*, *id.* The motion practice in this case evidences material issues of fact both with respect to the condition of the property (*i.e.*, whether there was a breach of the settlement agreement by Plaintiff) and the amount of damages (if any). *Compare* Docket No. 44 *with* Docket No. 52. Indeed, defense counsel acknowledged this fact at the hearing. *See* Hearing Rec. (2/11/20) at 1:14-1:15 p.m.; *see also id.* at 1:10-1:11 p.m. (Plaintiff's counsel referring to the motion work as a

---

[3] This breach of contract dispute is a separate claim for which there must be an independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Defendant represents that the parties remain diverse and the motion to enforce seeks more than $75,000 in damages. *See* Docket No. 44 at 10 n.6. As such, diversity jurisdiction exists for the breach-of-contract dispute arising out of the settlement agreement. *See* 28 U.S.C. 1332(a).

"starting point" for resolution of this dispute). As such, resolution of this dispute on the papers is not appropriate. Moreover, the factual presentations to date (particularly from Plaintiff) have been disorganized and haphazard. The Court declines to act as a factfinder without a proper exchange of evidence between the parties to eliminate surprise, as well as the development of the record through at least limited discovery to ensure a proper resolution of the facts.

Accordingly, the Court will deny the motion to enforce settlement. The parties will have a period of 60 days to conduct discovery on the issues in dispute with respect to breach of the settlement agreement. A discovery cutoff will therefore be set for April 13, 2020.[4] To the extent further development of the record renders it appropriate to seek summary judgment, any such motion must be filed by May 11, 2020. If summary judgment is not sought, the parties must file a joint proposed order to govern the evidentiary hearing that complies with the requirements for joint proposed pretrial orders by June 10, 2020. *See* Local Rule 16-4. Once that proposed order is filed, the Court will schedule the evidentiary hearing. Each party must also file proposed findings of fact and conclusions of law within 14 days of the completion of the evidentiary hearing.

## III. POTENTIAL FOR ARBITRATION

Plaintiff's counsel suggested at the hearing that it may be preferable if the parties agree to submit their dispute about the settlement agreement to binding arbitration before Judge Leen, who presided over the settlement conference, but is now retired from the bench and working at JAMS. To the extent that is an avenue the parties wish to pursue, counsel must promptly contact JAMS. Either a status report concerning arbitration or dismissal papers for this action in light of an agreement to submit to binding arbitration must be filed by February 26, 2020.

## IV. CONCLUSION

In light of the above, the Court will retain jurisdiction at the parties' request to decide their dispute as to breach of the settlement agreement. The Court **DENIES** without prejudice the motion to enforce [Docket No. 44]. The Court **GRANTS** the motion for leave [Docket No. 49]. The

---

[4] Counsel shall immediately begin coordinating the schedules for deponents. In addition, the ordinary deadlines for responding to discovery will be shortened to 14 days. *See* Fed. R. Civ. P. 33(b)(2) (court may shorten time for interrogatory responses); Fed. R. Civ. P. 34(b)(2)(A) (same for document requests); Fed. R. Civ. P. 36(a)(3) (same for requests for admission).

3

Court **ENTERS** the following deadlines: discovery cutoff of April 13, 2020; dispositive motion deadline of May 11, 2020; joint proposed order for evidentiary hearing deadline of June 10, 2020; and proposed findings of fact and conclusions of law due 14 days after the conclusion of the evidentiary hearing. Moreover, the Court **ORDERS** that either a status report regarding arbitration or dismissal papers must be filed by February 26, 2020.

    IT IS SO ORDERED.

    Dated: February 12, 2020

                                                                             Nancy J. Koppe
                                                                             United States Magistrate Judge